UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LUCAS ALEXANDER BAEZ,

                Petitioner,

v.

TODD BLANCHE et al.,

                Respondents.

_____/

Case No. 1:26-cv-1892

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing "before a neutral decisionmaker that (i) applies the correct individualized factors, (ii) does not rely on speculative agency-processing delays as a substitute for flight-risk evidence, and (iii) considers less restrictive alternatives to detention." (Pet., ECF No. 1, PageID.11.)

In an Order entered on June 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the February 2, 2026, bond hearing on June 25, 2026. (Resp., ECF No. 5; Recording of Feb. 2, 2026, Bond Hearing, filed on Jun. 25, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Dominican Republic who entered the United States in 2023. (Pet., ECF No. 1, PageID.4.) On January 7. 2026, Petitioner was arrested by ICE agents. (2026 Form I-213, ECF No. 5-1, PageID.46.)

On February 2, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 5-3, PageID.51.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight Risk." (*Id.*) Petitioner's appeal of that decision to the Board of Immigration Appeals (BIA) remains pending. (Appeal Receipts, ECF No. 5-5, PageID.59–64.)

## III.    Discussion

In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that that decision "rested on speculative rationale . . . rather than record evidence of willful flight risk." (Pet., ECF No. 1, PageID.8.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 5, PageID.34–37.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12,

2

2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Petitioner's appeal to the BIA remains pending. Therefore, Petitioner has not exhausted

3

his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:        July 1, 2026                              /s/ Jane M. Beckering
                                                        Jane M. Beckering
                                                        United States District Judge